51 F.3d 278
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Najeeb D. SAHAR, Appellant,
v.
HONEYWELL, INC., a Delaware Corporation, Appellee.
 No. 94-1432
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 17, 1995
Filed: April 10, 1995
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Najeeb D. Sahar appeals the district court's[1] judgment as a matter of law in favor of Honeywell on Sahar's Title VII claim and state law claims of retaliation and disability discrimination. Sahar's claims proceeded to a bench trial. At the close of Sahar's evidence, Honeywell moved for judgment as a matter of law, which was granted by the district court.
 
 
 2
 With respect to Sahar's Title VII claim, the district court applied the shifting burden of proof set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The district court found that Sahar failed to establish a prima facie case of a Title VII violation because he did not establish that he was qualified for the jobs and promotions he applied for and did not introduce any evidence concerning who was hired for those jobs and promotions. Alternatively, the district court found that even if Sahar had established a prima facie case, Honeywell offered a number of legitimate business reasons for failing to promote Sahar: he had poor interview skills; his academic record was below the minimum qualifications; and his prior performance at Honeywell was average at best. The district court found that Sahar did not offer any evidence to prove that Honeywell's reasons were pretextual.
 
 
 3
 With respect to Sahar's state law claim of retaliation, the court found Sahar offered no evidence showing a causal relationship between his pursuit of claims with the Equal Employment Opportunity Commission and the Minnesota Human Rights Department and Sahar's termination. In any event, the district court found that Honeywell had a legitimate, nondiscriminatory reason for terminating Sahar because he had five weeks of unexcused absence from the company.
 
 
 4
 The court also found that Sahar failed to establish a prima facie case of disability discrimination. The court found that Honeywell recognized Sahar was temporarily disabled from July 1987 through October 9, 1987, and made a reasonable accommodation by giving Sahar paid leave during and beyond that time period. The court found Honeywell allowed Sahar to remain on leave for five weeks beyond his approved disability leave before it terminated him. The court also found that Sahar introduced no evidence that Honeywell had knowledge whether Sahar suffered a continuing disability at the time of his termination.
 
 
 5
 Sahar appeals, alleging the district court erred in determining he had failed to meet his burden of proof with respect to his Title VII claim; in finding that Sahar's claims of discrimination in 1987 were barred by the statute of limitations; and in finding that Honeywell did not discriminate on the basis of Sahar's disability.
 
 
 6
 We have carefully reviewed the record and the parties' briefs. We find no reversible error of law or fact and agree with the well- reasoned decision of the district court. Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota